IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| Brandie Nicole Washington, ) | |
| ) | |
| Plaintiff, ) | Civil Action File No.: |
| ) | |
| v. ) | |
| ) | |
| Midland Credit Management, Inc., ) | **COMPLAINT** |
| ) | **WITH JURY TRIAL DEMAND** |
| Defendant. ) | |
| ) | |

## PRELIMINARY STATEMENT

1. This action for damages is based upon Defendant's overt and intentional unlawful conduct in the furtherance of its efforts to collect a consumer debt. Defendant's conduct is in violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, and the Georgia Fair Business Practices Act ("GFBPA"), O.C.G.A. § 10-1-390, *et seq*.

## PARTIES

2. Plaintiff, Brandie Nicole Washington, is a natural person who resides in Fulton County, Georgia.

3. Plaintiff is allegedly obligated to pay a consumer debt and is, therefore, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

1

4. Defendant, Midland Credit Management, Inc., is a corporation formed under the laws of the State of Kansas, with its principal place of business in the State of California, and is registered to do business in Georgia. Defendant may be served with process via its registered agent, Corporation Service Company, at 40 Technology Parkway South, Suite 300, Norcross, Georgia 30092-2924.

## JURISDICTION AND VENUE

5. This Court has federal question jurisdiction over Plaintiff's Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

6. This Court has personal jurisdiction over Defendant because, *inter alia*, Defendant frequently and routinely conducts business in the State of Georgia, including the conduct complained of herein.

7. Pursuant to 28 U.S.C. § 1391, venue is proper in the Northern District of Georgia because a substantial part of the events or omissions giving rise to the claims occurred in this district.

8. Pursuant to LR 3.1B(3), venue is proper in the Atlanta Division because Defendant maintains a registered agent for service of process in Gwinnett County, which is in the Atlanta Division.

## FACTUAL ALLEGATIONS

9. Plaintiff is allegedly obligated to pay a consumer debt and is, therefore, a "consumer", as that term is defined by 15 U.S.C. § 1692a(3).

10. Upon information and belief, Defendant is a debt collector specializing in the collection of defaulted consumer accounts that it thereafter collects for its own benefit.

11. Defendant uses interstate commerce and/or mail in its business. The principal purpose of Defendant's business is the collection of consumer debts acquired from third parties. Defendant is, therefore, a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

12. On October 9, 2018, Plaintiff commenced a Chapter 13 bankruptcy case by filing a Petition of Relief with the Clerk of the United States Bankruptcy Court, Northern District of Georgia, Atlanta Division. Plaintiff's bankruptcy was assigned case number 18-67052.

13. On December 12, 2018, Defendant filed a proof of claim in Plaintiff's bankruptcy case, Claim Number 4, in the amount of $1,212.38 (the "Debt"), alleging that Defendant is the authorized agent of Asset Acceptance, LLC (hereinafter "Asset"), for the purpose collecting the Debt.  A copy of the Proof of Claim (the "POC") is filed herewith as "Exhibit 1".

14. A proof of claim is a written statement, made under oath, setting forth the nature, composition, and amount of a creditor's claim to payment and an attempt to collect an alleged debt.

15. Defendant does not own the Debt referenced in its POC.

16. Rather, Defendant is attempting to collect the Debt on behalf of a third-party, Asset.  Exh. 1, pg. 1, enumeration 1.

17. The Debt referenced in Defendant's POC is based upon a judgment lien for a credit card. Exh. 1, pg. 2, enumeration 8, and page 5.

18. The credit card that was the subject of the judgment lien was primarily for personal, family, or household purposes.

19. The Debt being collected by Defendant is a "consumer debt" as defined by 15 U.S.C. §§ 1692a(3) and (5).

20. Defendant's filing of the POC was a communication to third parties in an attempt to collect a consumer debt.

21. Upon information and belief, Defendant has made objectively false and misleading representations regarding the nature of the Debt it is seeking to collect.

22. Defendant's POC affirmatively declares, under penalty of perjury, that the basis for its claim is a civil judgment. Exhibit 1, pg. 1, enumeration 8.

23. The judgment upon which Defendant seeks to collect was, per Defendant's proof of claim, issued on July 28, 2010, in the Circuit Court of Cook County, Illinois. Exh. 1, pg. 5.

24. Pursuant to 735 ILCS 5/12-101, contained in the Illinois Civil Practice Act, a judgment lien issued in the State of Illinois is effective for seven years unless it is revived in that time.

25. Upon information and belief, Defendant did not renew the judgment under Illinois law nor did it domesticate it in the State of Georgia. As such, the judgment lien has expired and is not enforceable against Plaintiff.

26. Defendant's false representation as to the basis of the claim has the effect of dissuading any party in interest from further examination of Defendant's claim and evaluating defenses to that claim, including the applicable statute of limitations.

27. As such, Defendant's false representations were also materially misleading.

## INJURIES-IN-FACT

28. The FDCPA provides consumers with "statutorily-created rights to be free from 'being subjected to false, deceptive, unfair, or unconscionable means to collect a debt.'" *McCamis v. Servis One, Inc.*, No. 8:16-CV-1130-T-30AEP, 2016

5

U.S. Dist. LEXIS 99492 (M.D. Fla. July 29, 2016); *Church v. Accretive Health, Inc.*, 654 Fed. Appx. 990, 2016 U.S. App. LEXIS 12414, 2016 WL 3611543 (11th Cir. 2016).

29. An injury-in-fact sufficient to satisfy Article III standing requirements "may exist solely by virtue of statutes creating legal rights, the invasion of which creates standing." *Church*, at 993, quoting *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 373, 102 S. Ct. 1114, 71 L. Ed. 2d 214 (1982).

30. Violation of statutory rights are not a "hypothetical or uncertain" injury, but one "that Congress has elevated to the status of a legally cognizable injury through the FDCPA." *McCamis*, at 4, citing *Church*, at 3.

31. Defendant is subjecting Plaintiff to false, deceptive, unfair, and unconscionable means to collect the debt.

32. Accordingly, through the violation of Plaintiff's statutorily created rights under the FDCPA, Plaintiff has suffered an injury-in-fact sufficient to establish Article III standing.

## DAMAGES

33. As a result of Defendant's actions and/or omissions, Plaintiff has suffered actual damages, including but not limited to the following:

a. Being subjected to false, deceptive, unfair, and unconscionable debt collection practices;

b. Uncompensated time expended away from work and/or activities of daily living, to confer with counsel regarding Defendant's collection efforts; and

c. Anxiety and worry caused by concern that she is being called upon to pay an improper claim.

## CAUSES OF ACTION

### COUNT I

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
15 U.S.C. § 1692e**

34. Plaintiff incorporates by reference paragraphs 1 through 34 as though fully stated herein.

35. Defendant's filing of its POC was an attempt to collect a consumer debt.

36. 15 U.S.C. § 1692e specifically prohibits the use of any false, deceptive, or misleading representations or means in connection with the collection of any debt.

37. The use of "or" in § 1692e means a representation violates the FDCPA if it is false *or* deceptive *or* misleading. *Bourff v. Rubin Lublin, LLC*, 674 F.3d 1238, 1241 (11th Cir. 2012).

38. A false representation in connection with the collection of a debt is sufficient to violate the FDCPA, even if it is not alleged or proven to be misleading or deceptive. *Id*.

39. Defendant's representation that the basis of its claim was a judgment that is in fact long expired was a violation of 15 U.S.C. § 1692e, e(5) and e(10).

40. As a result of Defendant's violations of the FDCPA, Defendant is liable to Plaintiff for Plaintiff's actual damages as described herein, statutory damages in the amount of $1,000.00, costs of this action and reasonable attorney's fees as determined by the Court as mandated by 15 U.S.C. § 1692k.

## COUNT II

**VIOLATIONS OF THE GEORGIA FAIR BUSINESS PRACTICES ACT
O.C.G.A. § 10-1-390,** *et seq***.**

41. Plaintiff incorporates by reference paragraphs 1 through 38 as though fully stated herein.

42. O.C.G.A. § 10-1-390, *et seq.*, is commonly known as the "Fair Business Practices Act of 1975" (the "GFBPA").

43. The purpose of the GFBPA is to protect consumers from unfair and/or deceptive practices in the conduct of any trade or commerce in part or wholly in the state. O.C.G.A. § 10-1-391.

44. O.C.G.A. § 10-1-391 directs that the GFPBA is to be interpreted and applied liberally and in harmony with the Federal Trade Commission Act, 15 U.S.C. § 45(a)(1), which implements the FDCPA.

45. O.C.G.A. § 10-1-393(a) of the GFBPA broadly prohibits unfair and/or deceptive business practices.

46. Defendant willfully engaged in unfair and deceptive business practices, as set forth herein, in an effort to collect consumer debts.

47. Defendant's statement that the claim does not include sums comprised of interest, fess, or expenses is a false statement and constitutes an unfair and deceptive practice.

48. As pled above, Plaintiff was harmed by Defendant's unfair conduct.

49. Upon information and belief, the filing of false, misleading, and/or improper proofs of claim is Defendant's *modus operandi* for debt collection and is done on a wide scale.

50. Defendant's conduct amounts to an unfair business practice.

51. Defendant's conduct has implications for the consuming public in general and negatively impacts the consumer marketplace.

52. Upon information and belief, Defendant does not maintain a place of business in Georgia and has no assets in Georgia, thus relieving Plaintiff of the Notice and Demand requirements of O.C.G.A. § 10-1-399(b).

53. As a result of Defendant's violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover general damages pursuant to O.C.G.A. § 10-1-399(a).

54. As a result of Defendant's intentional violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover exemplary damages pursuant to O.C.G.A. § 10-1-399(a).

55. As a result of Defendant's intentional violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover treble damages pursuant to O.C.G.A. § 10-1-399(c).

56. Plaintiff is entitled to recover reasonable attorney's fees and expenses of litigation pursuant to O.C.G.A. § 10-1-399(d).

## **TRIAL BY JURY**

57. Plaintiff is entitled to and hereby requests a trial by jury.

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant for:

a.) Plaintiff's actual damages;

b.) Statutory damages pursuant to 15 U.S.C. § 1692k;

c.) Reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k;

d.) Such other and further relief as may be just and proper.

Respectfully submitted this 23rd day of October, 2019.

        **BERRY & ASSOCIATES**

        */s/ Matthew T. Berry*
        Matthew T. Berry
        Georgia Bar No.: 055663
        *matt@mattberry.com*
        2751 Buford Highway, Suite 600
        Atlanta, GA 30324
        Ph. (404) 235-3334
        Fax (404) 235-3333

        *Counsel for Plaintiff*